Timothy J. Casey (#013492)
Casson Mathis (#025618)
SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
1221 East Osborn Road, Suite 105
Phoenix, AZ 85014-5540
Telephone: (602) 277-7000
Facsimile: (602) 277-8663
timcasey@azbarristers.com
Counsel for Defendants Maricopa County,
Joseph M. Arpaio, and Andrew P. Thomas

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANGEL LOPEZ-VALENZUELA and ISAAC CASTRO-ARMENTA,<br><br>Plaintiffs,<br>vs.<br>MARICOPA COUNTY; JOE ARPAIO, Maricopa County Sheriff, in his official capacity; ANDREW THOMAS, Maricopa County Attorney, in his official capacity; and BARBARA RODRIQUEZ MUNDELL, Presiding Judge, Maricopa County Superior Court, in her official capacity,<br>Defendants. | NO.: CV08-660-PHX-SRB (ECV)<br><br>**DEFENDANTS MARICOPA COUNTY, ARPAIO, AND THOMAS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), (6), and (7) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

Defendants Maricopa County, Hon. Joseph Arpaio, and Hon. Andrew Thomas respectfully submit this Reply in support of their Motion to Dismiss. For the Court's convenience, the same abbreviations used in the Motion are use in this Reply.

**MEMORANDUM OF POINTS AND AUTHORITIES.**

**I.   PLAINTIFFS' MUNCIPAL LIABILITY CLAIM FAILS AGAINST MARICOPA COUNTY.**

Plaintiffs oppose defendants' Motion arguing that they "do not rely on a *respondeat superior* theory of liability." (Response at p. 2, ln. 3). However, in their second footnote, they make a vicarious liability argument. In that footnote, plaintiffs argue that "Maricopa

County is also responsible for constitutional violations caused by official policy decisions of Defendants Arpaio and Thomas." (Response at p. 2, fn. 2, lns. 22-26). This argument, coupled with the plaintiffs' allegations in each of their liability causes of action, amply shows that they are seeking to hold Maricopa County derivatively liable for the decisions, actions, or conduct of Messrs. Arpaio and Thomas.

The problem with the argument, and the allegations within the Complaint, is that Maricopa County's vicarious liability for its employees is not permitted under 42 U.S.C. § 1983. Maricopa County is not liable under § 1983 for the alleged derivative liability of its employees. *Montell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978). A county may be held liable under § 1983 only when the county itself causes the alleged constitutional violation at issue; it may *not* be held liable under a *respondeat superior* theory for a violation allegedly caused by its employees. *Id*.

Plaintiffs also oppose the Motion on the grounds that Maricopa County, *itself*, is alleged to have made the "official decision to forbid the use of public funds for appointed criminal defense counsel at initial appearance proceedings, in which Proposition 100 laws are applied to impose mandatory pretrial detention." (Response at p. 3, lns. 6-8). This argument is mistaken. The County is a jural entity. However, the County, itself, cannot and does not make such decisions. Instead, as a matter of law, it is the Maricopa County Board of Supervisors that make those types of decisions. A.R.S. § 11-251. While the difference between Maricopa County and the Board of Supervisors may appear to plaintiffs as a distinction without any meaningful difference, the difference does matter under the law. Maricopa County, itself, does not make policies and decisions. Instead, decisions are made by its duly authorized representatives. Here, plaintiffs' Complaint does not allege any facts that support the contention that they suffered a deprivation of a constitutional right as a result of a deliberately indifferent municipal decision, or that defendant Maricopa County, itself, had a custom or policy in place with regard to bail that amounts to deliberate indifference. As a matter of law, therefore, plaintiffs' Complaint as against defendant Maricopa County should be dismissed.

## II. ARIZONA STATE OFFICERS SHOULD DEFEND THIS CASE ON THE MERITS.

Plaintiffs oppose dismissal by arguing that, even though they challenge the constitutionality of a state law approved by 78% of Arizona voters, no state government official is necessary or appropriate as a party in this case to defend the law. This argument misses the point.

Whether a state law is good, bad, or indifferent, defendants Thomas and Arpaio are statutorily charged with complying with, and enforcing, the laws of the State of Arizona. *See* A.R.S. § 11-532(A) (1); .A.R.S. § 11-441. They do not make or pass the laws of the State of Arizona, and they cannot select which laws to comply with, enforce, or to ignore. Moreover, plaintiffs allege that Arizona Constitution Article II, § 22(A)(4) and A.R.S. § 13-3961 "are an unconstitutional attempt by state and county government to regulate immigrations." Complaint at ¶ 8. Who is best positioned to defend the laws of Arizona approved by a significant majority of the voters, and signed into law by the Governor? Not a county, a sheriff, or a county attorney.

From an equitable standpoint, complete relief is not possible in this litigation without an Officer of the State present in this case and defending Arizona State Constitution Article II, § 22(A)(4), and A.R.S. § 13-3961 on the merits. To achieve a just result on the constitutional merits, it is essential for the Arizona Attorney General, the Speaker of the House, and/or the President of the Senate to defend: (a) the intent of the Arizona Legislature in passing A.R.S. § 13-3961; (b) the will of the Arizona electorate in November 2006 wherein they voted for the ballot measure that led to the constitutional amendment; and (c) defending the Governor for signing into law and/or approving Article II, § 22(A)(4) and A.R.S. § 13-3961.

Finally, A.R.S. § 12-1841(C) prohibits a binding constitutional ruling from this Court until and unless certain state officers are on notice of the constitutional challenge and have the opportunity to prepare and be heard. The State of Arizona, through the Attorney General, the House Speaker, and/or the Senate President, if not the Governor, have a strong interest in the outcome of this case, protecting and preserving the will of the Arizonans, and seeking to uphold the constitutionality of Arizona State Constitution Article II, § 22(A)(4)

and A.R.S. § 13-3961. The absence of the Attorney General, the House Speaker, and/or the Senate President will, as a practical matter impair or impede, Maricopa County, Arpaio, and Thomas's ability to protect the interest of the State, and the Legislature. The State is in the best position to defend its own laws, or the Constitutional Amendment approved by Arizonans.

### III. THE FEDERAL COURT SHOULD ABSTAIN FROM DECIDING THIS CASE IN FAVOR OF RESOLUTION OF THE PENDING ARIZONA STATE COURT ACTIONS.

Plaintiffs oppose the Motion to dismiss based on the abstention doctrine set forth under *Younger v. Harris*, 401 U.S. 37 (1971). They argue that the "*Younger* doctrine applies only when a plaintiff seeks to stay, enjoin, or otherwise interfere with a pending state prosecution." This argument too narrowly construes *Younger* and its progeny, and the plaintiffs' own allegations in their Complaint.

In their Complaint at their Prayer for Relief, for example, plaintiff specifically asks this Court to "[e]njoin Defendants from enforcing the Proposition 100 laws." Complaint at p. 23, ln. 1. The allegations of the Complaint also asks this Court to enjoin local governmental compliance with Arizona State Constitution Article II, § 22(A)(4). *See* Complaint at ¶¶ 51-54. It is undisputed that there are numerous criminal actions pending involving the members of the proposed class, including the two named defendants. There are, therefore, numerous ongoing state judicial proceedings that could involve the very issues that plaintiffs raise in this federal lawsuit. *Dubinka v. Judges of the Superior Court*, 23 F.3d 218 (9th Cir. 1994) (district court's order dismissing plaintiffs' suit for declaratory and injunctive relief for failure to state a claim is affirmed because plaintiffs were the subjects of pending criminal prosecutions in state court). Accordingly, plaintiffs are seeking precisely the type of relief that *Younger* cautions against, and doctrine is intended to prevent.

Finally, the *Younger* abstention doctrine is particularly applicable here given the mootness of the fundamental underlying concern (i.e., that pursuant to Proposition 100 persons are being held without bail because of their immigration status). **That precise issue has already been decided by the Arizona courts.** For example, plaintiffs filed their action because of concerns that, pursuant to Proposition 100 laws, certain persons were being held

without bond because of their immigration status.  That is no longer the case, and has not been the case since April 24, 2008, some three weeks **after** plaintiff filed their lawsuit. In the decision *Segura v. Cunanan*, 2008 Ariz. App. Lexis 68 (Ariz. Ct. App.  04/24/08), the Arizona Court of Appeals held that despite the Proposition 100 laws, once a person requests a hearing on the no-bail determination, they were entitled to a full hearing at which the state had the burden of proof on the issue, and they had the right to counsel and the right to cross examine witnesses and offer evidence. (A copy is attached for the Court's convenience as Exhibit A).

The *Younger* abstention doctrine also is particularly applicable in this case because the state courts in Arizona should be allowed to rule on the very issues about Arizona law raised by the plaintiffs in their Complaint, and are doing so.  For example, plaintiff's first cause of action alleges that the Proposition 100 laws violate substantive due process. However, the Arizona Court of Appeals in *Hernandez v. Lynch*, 167 P.3d 1264 (Ariz. Ct. App. 2007) already has held that Proposition 100 comports with the constitutional standards of equal protection and substantive due process. (A copy is attached for the Court's convenience as Exhibit B).  In short, the state courts should decide in the pending matters, their special actions, and in their appeals the issues raised before the Court by plaintiffs in their Complaint.

As the Court will recall, the *Younger* abstention doctrine is appropriate if:  "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions."  *Gartrell Contr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991); *see also Ploykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987); *Dubinka,* 23 F.3d at 223.   Each of the three *Younger* abstention requirements is satisfied in this case.  The constitutional issues before this Court are ripe for resolution in Arizona state courts.  There are pending matters on these very issues in state court.  Federal court oversight of state court criminal proceedings is inappropriate.  Accordingly, the Court should abstain from this case and dismiss it with prejudice.

## IV. CONCLUSION

Based on the foregoing, defendants Maricopa County, Arpaio, and Thomas respectfully request that the Court dismiss plaintiffs' lawsuit.

RESPECTFULLY SUBMITTED this 26th day of June, 2008.

SCHMITT, SCHNECK, SMYTH & HERROD, P.C.

By: _s/Timothy J. Casey_____
Timothy J. Casey
1221 East Osborn Road, Suite 105
Phoenix, AZ 85014
Attorney for the County Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Charles A. Blanchard, Esq.
Kevin B. Wein, Esq.
Steven J. Monde, Esq.
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
Attorneys for Plaintiffs

Daniel Pochoda, Esq.
ACLU FOUNDATION OF ARIZONA
P.O. Box 17148
Phoenix, Arizona 85011
Attorneys for Plaintiffs

Cecillia D. Wang, Esq.
Monica M. Ramire, Esq.
Robin L. Goldfadden, Esq.
AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHT PROJECT
39 Drumm Street
San Francisco, CA 94111
Attorneys for Plaintiffs

SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
Professional Corporation

1  Cynthia Valenzuela, Esq.
   Kristina Campbell, Esq.
2  MEXICAN AMERICAN LEGAL DEFENSE
   AND EDUCATION FUND
3  634 South Spring Street 11th Floor
   Los Angeles, CA 90014
4  Attorneys for Plaintiffs

5  Eryn McCarthy, Esq.
   ARIZONA ATTORNEY GENERAL
6  1275 West Washington Street
   Phoenix, Arizona 85007
7  Attorney for defendant Hon. Barbara Rodriquez Mundell

8  **Courtesy Copy** mailed this same date to:

9  Hon. Terry Goddard
   ARIZONA ATTORNEY GENERAL
10 1275 West Washington Street
   Phoenix, Arizona 85007
11
   Hon. Tim Bee
12 PRESIDENT, ARIZONA STATE SENATE
   Capitol Complex
13 1700 West Washington Street
   Phoenix, Arizona 85007-2290
14
   Hon. Jerry Weiers
15 SPEAKER OF ARIZONA HOUSE
   OF REPRESENTATIVES
16 Capitol Complex
   1700 West Washington Street
17 Phoenix, Arizona 85007-2290

18
   *s/Eileen Henry,* Paralegal
19

20

21

22

23

24

25

26

27

28